Filed 7/2/15  P. v. Armstrong CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062617 |
| v. | (Super.Ct.No. FVI1203363) |
| IRAN KAWHAN ARMSTRONG, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

Eric Cioffi, under appointment by the Court of Appeal, and Iran Kawhan Armstrong, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury found defendant and appellant Iran Kawhan Armstrong guilty of possession of a controlled substance for sale (Health & Saf. Code, § 11378, count 1) and offering to sell or transporting a controlled substance (Health & Saf. Code, § 11379, subd. (a), count

1

2).[1]  At a bifurcated hearing, defendant admitted that he had two prior strike convictions (Pen. Code, §§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i))[2] and that he had served four prior prison terms (Pen. Code, § 667.5, subd. (b)).  The court sentenced defendant to three years on count 1, doubled pursuant to the prior strikes.  On count 2, the court imposed a four-year term, but stayed it pursuant to section 654.  The court imposed one-year terms on each of the prior prison enhancements, but stayed those terms.  Defendant's total commitment was six years in state prison.

In his first appeal, defendant contended that:  (1) the court failed to properly instruct the jury that his unrecorded out-of-court statements should have been viewed with caution; and (2) the trial court erroneously denied his *Marsden*[3] motion without a hearing.  This court reversed the judgment with directions for the trial court to conduct a *Marsden* hearing.  If the court determined that good cause for appointment of new counsel had been shown, it was to appoint new counsel and set the case for retrial.  If the court determined that good cause had not been shown, it was to reinstate the judgment.  The trial court held a *Marsden* hearing on December 19, 2014.  It denied the motion and reinstated the judgment.

---

[1]  The procedural and factual backgrounds are taken from this court's opinion in defendant's first appeal, *People v. Armstrong* (Aug. 14, 2014, E058473 [nonpub. opn.]).

[2]  All further statutory references will be to the Penal Code, unless otherwise noted.

[3]  *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

Defendant filed a timely notice appealing the denial of the *Marsden* motion. We affirm.

## FACTUAL BACKGROUND

On December 24, 2012, at approximately 7:00 p.m., Antonia Carmona was waiting for her grandmother to pick her up at a bus stop. Defendant approached her and asked if he could use her phone. Carmona said her phone did not work, and she proceeded to walk to a nearby store to wait for her grandmother there. Defendant followed her and again asked to use her phone. Carmona refused again. Defendant asked her how old she was, and she said, "Old enough." He said he was old enough to be her father or grandfather. Defendant then pulled a baggie "with white stuff in it" out of his pocket and asked if she would be interested in buying it. Defendant said, "Would you like to buy some of this s---?" Carmona declined. As defendant was putting the baggie back in his pocket, he said, "I got that good stuff. It's coke." Carmona said, "No, thank you," and walked across the street to another store. She then called 911.

Officer William Underhill responded to the call that "a Black male adult was attempting to sell someone drugs." The officer drove to the area where the two stores were located. He noticed defendant, who matched the description of the suspect, walking in between two pillars near the stores. As Officer Underhill was passing by, he noticed that defendant tried to hide himself behind a pillar; then defendant poked his head around the corner, looking at him. Officer Underhill made a U-turn, got out of his patrol car, and approached defendant. Officer Underhill looked around the area and found a small

3

plastic bag containing a white crystalline substance and a glass pipe in a planter that was within arm's reach of defendant. The glass pipe was one commonly used for smoking methamphetamine. Officer Underhill conducted a field test of the substance, and it tested positive for methamphetamine. The white substance was later tested at the sheriff's department crime lab and was confirmed to be methamphetamine. The substance weighed .51 grams.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the trial court erred in denying defendant's *Marsden* motion. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done. He filed a handwritten brief in which he proclaims his innocence. He claims that he was "rudely arrested" on Christmas Eve, that he asked the officer to "go get the witness so she [could] see [he was not] the person," and that the officer "failed to investigate where [he] had just came [*sic*] from." Defendant also claims that his defense counsel failed to investigate "the way [defendant] explained to him." He then contends that his defense counsel did not defend him to the best of his ability or he would have been found not guilty of the charges.

4

Defendant appears to be claiming that his trial counsel's performance was deficient because he was found guilty. We note that defendant raised essentially the same issues at the *Marsden* hearing. He addressed the court as follows: "I feel like if he [defense counsel] would have investigated properly from the beginning, that he would have found out that it was someone else [that] talked to that lady after I had talked to her, you know, because I had words with the lady. And they didn't show the witness until trial, you know. [¶] . . . [¶] And if the officer from the very beginning would have brought her to me, you know, right when he was questioning me about where the drugs out [*sic*], then he would have seen that I wasn't the person." Defense counsel explained what he did to investigate the case and also reminded the court that a witness testified at trial and identified defendant in court as the person who approached her and offered to sell her drugs. After hearing testimony from both defendant and defense counsel, the court addressed defendant and said it understood his dissatisfaction with what happened, but that the result of the trial had nothing to do with the quality of representation he had. The court then denied the *Marsden* motion.

"A trial court should grant a defendant's *Marsden* motion only when the defendant has made 'a substantial showing that failure to order substitution is likely to result in constitutionally inadequate representation' [citation], or stated slightly differently, 'if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result' [citation]." (*People v. Hines*

5

(1997) 15 Cal.4th 997, 1025-1026.)  Denials of *Marsden* motions are reviewed under an abuse of discretion standard.  (*People v. Barnett* (1998) 17 Cal.4th 1044, 1085.)

We conclude that the trial court did not abuse its discretion when it denied defendant's *Marsden* motion.  There is no indication on the record that the defense counsel provided inadequate representation or investigation, since he went to the scene to investigate, and he argued at trial that defendant did not possess drugs for sale and that the witness was mistaken as to defendant's identity.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

HOLLENHORST

J.

CODRINGTON

J.